## Case No. 13,284.

### STANBACK v. WATERS.

[4 Cranch, C. C. 2.] 1

Circuit Court, District of Columbia. April Term, 1830.

SLAVERY—ACTION FOR ENTICING SLAVE — PLEADING—SCIENTER.

1. In an action on the case for receiving the plaintiff's slave in Virginia and bringing him into the District of Columbia, it is not necessary to prove that the defendant knew the slave to be the slave of the plaintiff, although the scienter be averred in the declaration.

2. Difference between the enticing of a servant and the abduction of a slave.

3. In an action for enticing the plaintiff's slave from the service of the plaintiff, knowing him to be the plaintiff's slave, the scienter must be proved.

Action on the case [by George Stanback against Joseph Waters] for enticing away and receiving the plaintiff's slave, named Williamson, in Virginia, and bringing him into the District of Columbia. The 1st count was for enticing Williamson from the service of the plaintiff, knowing him to be the plaintiff's slave. The 2d count was for receiving the slave and bringing him into the District of Columbia, knowing him to be the plaintiff's slave.

Mr. Taylor, for defendant, prayed the court to instruct the jury that the plaintiff was not entitled to recover unless he should satisfy them by evidence that the defendant, at that time, &c., knew that Williamson was the slave of the plaintiff; which instruction the court gave (nem. con.).

But upon reflection, THE COURT (THRUSTON, Circuit Judge, contra) was of opinion, that the scienter in the 2d count was immaterial, and therefore need not be proved; because the receiving the slave and bringing him away, is a sufficient cause of action. The forms of declarations for enticing a servant from the service of his master, always aver the scienter; because the cause of action is the plaintiff's loss of service; a particular and personal cause of action, not grounded upon a violation of the right of property, but of the right of service. The defendant's knowledge that the plaintiff had that right of service is, therefore, in such a case, material; but if a defendant violates my right of general and absolute property in a chattel, it is not a necessary ingredient of the cause of action, that he should know that it was my property.

Mr. Neale and Mr. Mason, for plaintiff.

Mr. Taylor, for defendant, cited Com. v. Turner, 5 Rand. (Va.) 678.

STANBERY (TAGGART v.). See Case No. 13,724.

STANCHFIELD (HOME INS. CO. v.). See Case No. 6,660.

1 [Reported by Hon. William Cranch, Chief Judge.]

STANDARD SUGAR REFINERY (GREENISH v.). See Case No. 5,776.